AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

United States of America

v.

HECTOR NOEL SOTO-VILLALTA

*Defendant*

Case No. 25-mj- 1251

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 24, 2025, in the County of Chautauqua, in the Western District of New York, the defendant, an alien, was found in the United States, after previously being removed or deported from the United States, and subsequent to a felony conviction, without prior authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

JANESSA MYLES
DEPORTATION OFFICER
IMMIGRATION AND CUSTOMS ENFORCEMENT
*Printed name and title*

Sworn to before me and signed telephonically.

Date: March 13, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK        )
COUNTY OF ERIE           )   SS:
CITY OF BUFFALO          )

I, JaNessa Myles, having been first duly sworn, do hereby depose and state as follows:

1.      I am a Deportation Officer with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, (ICE.)   I have been so employed since the creation of DHS in March 2003.   Prior to the creation of DHS, I was employed by the former Immigration and Naturalization Service under the United States Department of Justice since April of 1995.

2.      As a part of my duties during my employment with ICE, I investigate violations of the Immigration and Nationality Act and violations of the United States Code, including violations of Title 8, United States Code, Section 1326(a) and (b)(1), regarding the unlawful re-entry of previously removed aliens whose removal was subsequent to a conviction for the commission of a felony.

3.      This affidavit is being submitted for a limited purpose, that is, a probable cause determination. Therefore, I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and

information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

4. I make this affidavit in support of a criminal complaint charging Hector Noel SOTO-VILLALTA, (SOTO-VILLALTA), with a violation of Title 8, United States Code, Sections 1326(a) and (b)(1), regarding the unlawful re-entry of previously removed aliens whose removal was subsequent to a conviction for the commission of a felony. Since this affidavit is offered for the limited purpose of securing a criminal complaint, it does not contain all the information obtained during the course of the investigation.

5. On February 24, 2025, Immigration and Customs Enforcement (ICE) Office of Enforcement and Removal Operations (ERO) Buffalo Field Office conducted a targeted enforcement action in Dunkirk, New York to locate and arrest a final order alien. ICE ERO observed a male subject matching the description of the target, approximately 5'7" tall, weighs around 200 pounds, with black hair, exit the address and get into the back of a Black Chevy Suburban parked in front of the residence. Then, ICE ERO activated their emergency light, and conducted a vehicle stop on that Suburban. ICE ERO with Police/ICE identifiers on their outer clothing and wearing a body camera approached the driver side of the vehicle. ICE ERO identified themselves as Law Enforcement Officers to the driver and passengers of the vehicle. During questioning, the passenger seated in the front passenger seat of the vehicle stated his name was Hector Noel SOTO-VILLALTA, and freely admitted to being in the United States illegally. Immigration record checks were conducted on the scene by ICE ERO, and it was determined that SOTO-VILLALTA is a citizen and national of Honduras who is

illegally residing in the United States. SOTO-VILLALTA was taken into custody without incident by ICE ERO and transported to the Buffalo Federal Detention Facility in Batavia, New York for further processing.

6. A complete set of fingerprints were electronically captured from SOTO-VILLALTA and submitted to the Federal Bureau of Investigation (FBI), Identification Division, in Clarksburg, West Virginia, via the Next Generation Identification System. This set of fingerprints produced a positive biometric match with Alien Registration Number XXX-XXX-730 and an FBI number of XXXXXXEH8 relating to SOTO-VILLALTA, a native and citizen of Honduras.

7. A review of the documents contained in the Alien Registration file for Hector Noel SOTO-VILLALTA, revealed the following:

   a. On May 02, 2015, SOTO-VILLALTA was encountered by United States Border Patrol near the Eagle Pass, Texas Border Patrol sector. The United States Border Patrol determined that SOTO-VILLALTA had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. SOTO-VILLALTA was served an Order of Expedited Removal. On this same date, SOTO-VILLALTA was ordered removed from the United States to Honduras by a designated DHS Official. SOTO-VILLALTA was then presented for criminal prosecution for Title 8 USC 1325, illegal entry into the United States.

   b. On May 08, 2015, SOTO-VILLALTA was convicted in the Western District of Texas, Del Rio Division of Title 8 USC 1325, illegal entry into the United States and sentenced to a period of incarceration.

   c. On May 18, 2015, SOTO-VILLALTA was physically removed from the United States to Honduras at San Antonio, Texas via Air Operations.

    d. On June 15, 2018, SOTO-VILLALTA was encountered by United States Border Patrol near the Silverbell, Arizona Border Patrol sector. The United States Border Patrol determined that SOTO-VILLALTA had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. SOTO-VILLALTA'S prior removal order was reinstated, and he was then presented for criminal prosecution for Title 8 USC 1325, illegal entry into the United States.

    e. On June 18, 2018, SOTO-VILLALTA was convicted in the District of Arizona, Tucson Division of Title 8 USC 1325, illegal entry into the United States and sentenced to a period of incarceration.

    f. On September 20, 2018, SOTO-VILLALTA was physically removed from the United States to Honduras at Phoenix, Arizona via Air Operations.

    g. On October 01, 2019, SOTO-VILLALTA was encountered by United States Border Patrol near the Santa Teressa, New Mexico Border Patrol sector. The United States Border Patrol determined that SOTO-VILLALTA had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. SOTO-VILLALTA'S prior removal order was again reinstated, and he was then presented for criminal prosecution for Title 8 USC 1326(a), illegal re-entry into the United States.

    h. On December 12, 2019, SOTO-VILLALTA was convicted in the District of New Mexico of Title 8 USC 1326, illegal re-entry into the United States, a felony, and sentenced to a period of incarceration.

    i. On January 15, 2020, SOTO-VILLALTA was physically removed from the United States to Honduras at El Paso, Texas.

    j. On February 24, 2025, SOTO-VILLALTA was arrested by ICE ERO in Dunkirk, New York and detained.

8. Based on the above referenced immigration record checks, Hector Noel SOTO-VILLALTA, has no valid immigration status and is illegally present in the United States. Additionally, there is no evidence that SOTO-VILLALTA had any authorization or

approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to re-enter the United States after his last removal.

**WHEREFORE**, based on the foregoing, I respectfully submit that there is probable cause to believe that Hector Noel SOTO-VILLALTA did commit the offense of re-entry after deportation or removal in violation of Title 8, United States Code, Sections 1326(a) and (b)(1), in that SOTO-VILLALTA, a citizen and native of Honduras, having been physically removed from the United States on, May 18, 2015, September 20, 2018, January 15, 2020, and having a felony conviction, was thereafter found present in the Western District of New York on February 24, 2025, without prior authorization or approval from the Attorney General of the United States or the Secretary of the Department of Homeland Security.

JANESSA E. MYLES
Deportation Officer
Immigration and Customs Enforcement

Sworn and subscribed to before me telephonically on this 13 day of March, 2025.

HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge